**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**NORTHERN DIVISION**

**JERRY SEAMSTER**                                                           **PLAINTIFF**

**VS.**                                            **CIVIL ACTION NO. 3:14CV238-LRA**

**MANAGEMENT & TRAINING CORP., ET AL**                  **DEFENDANTS**

**MEMORANDUM OPINION AND ORDER**

Defendants Management & Training Corporation [MTC], Jerry Buscher, Ray Rice, and Wendell Banks filed a Motion for Summary Judgment Based on Plaintiff's Failure to Exhaust Administrative Remedies [21]. They allege that Jerry Seamster (hereinafter "Plaintiff" or "Seamster") failed to exhaust the remedies available through the Administrative Remedy Program (ARP) at the East Mississippi Correctional Facility [EMCF] in Meridian, Mississippi. In support, Defendants attached the January 20, 2015, Affidavit of Mary Dempsey, the ARP Coordinator at the EMCF [Exhibit B, 21-2].

Having reviewed the pleadings and the record in this cause, and having considered Seamster's sworn testimony at the January 27, 2015, omnibus hearing, and the applicable law, the Court finds that the motion is well-advised and shall be granted. Seamster has failed to exhaust the administrative remedies provided by EMCF, and the applicable law requires that his complaint be dismissed for this reason.

Seamster was an inmate in the custody of the Mississippi Department of Corrections [MDOC] at EMCF when he filed this complaint on March 20, 2014, only two months after his arrival at EMCF on January 3, 2014. He charges that his overall

conditions of confinement in Unit 5-B at EMCF violated his Eighth Amendment right to be free from cruel and unusual punishment. On page 3 of his complaint [1], when asked if he had completed the ARP as to his claims, Seamster responded that his "attempts are thrown away or left unanswered making it impossible to complete." Seamster was released from prison on October 31, 2014.

    Defendants assert that Plaintiff failed to complete the entire administrative review process before filing suit. According to the affidavit by Mary Dempsey, Seamster has not submitted any grievances through the ARP at EMCF regarding his living conditions on Housing Unit 5. He did submit two ARP requests relating to personal property that he contended was lost or confiscated, and these grievance files are labeled as EMCF-14-473 [Exhibit 1] and EMCF-14-1471 [Exhibit 2]. He completed the process for these complaints.

    Seamster testified at the hearing that he did complete the grievance process. According to him, he never got a response back to the first step so he went ahead and "did the second step," which he thinks was to the U.S. District Court. Seamster did not have copies of anything that he filed. This Court instructed Seamster to file a written response to the Motion to Dismiss within 14 days of the omnibus hearing. No response was filed.

    These Defendants assert that because Seamster did not properly exhaust his claims, summary judgment should be entered in their favor. Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and

that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). *See also Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). In response to a motion for summary judgment, the non-moving party must provide specific proof demonstrating a triable issue of fact as to each of the elements required to establish the claim asserted. *Washington v. Armstrong World Indus.*, 839 F.2d 1121, 1122–23 (5th Cir. 1988). The court must resolve all reasonable doubts about the existence of a genuine issue of material fact against the movant. *Byrd v. Roadway Express, Inc.*, 687 F.2d 85, 87 (5th Cir. 1982).

The applicable section of the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997(e), provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

This statute clearly requires an inmate bringing a civil rights action in this Court to first exhaust his available administrative remedies. *Booth v. Churner*, 532 U.S. 731, 739 (2001). Exhaustion will not be excused when an inmate fails to timely exhaust his administrative remedies; the exhaustion requirement also means "proper exhaustion." *Woodford v. Ngo*, 548 U.S. 81, 83-84 (2006). It is not enough to merely initiate the grievance process or to put prison officials on notice of a complaint; the grievance process must be carried through to its conclusion. *Wright v. Hollingsworth*, 260 F.3d 357, 358 (5th Cir. 2001). Exhaustion is mandatory under the PLRA and "unexhausted claims cannot be brought in court." *Jones v. Bock*, 549 U.S. 199, 211 (2007).

The PLRA governs all of Seamster's claims. Accordingly, he is required to complete the ARP process in its entirety before he is able to file suit under § 1983. The records provided by Defendants reflect that Seamster only filed ARPs regarding his lost property, but not his conditions of confinement at EMCF. Seamster stated that his "attempts" to exhaust were thrown away or left unanswered, but he has no written evidence of these attempts. His testimony at the omnibus hearing was that he did exhaust, but he apparently believes that step two was filed in this Court. However, any filing in this Court is not part of the MDOC exhaustion process, and a filing in this Court would not constitute proper exhaustion. The Court finds that Defendants have submitted competent proof of Seamster's non-exhaustion, and Seamster's testimony alone does not rebut this proof.

Seamster may not agree with ARP process, and he may have attempted to file grievances. The fact that he did file two grievances confirms that he did know how to use the ARP program and that grievances are accepted and processed at EMCF. Although he claims his grievances were thrown away or unanswered and that the program is "impossible to complete," the requirement of exhaustion applies regardless of a plaintiff's opinion on the efficacy of the institution's administrative remedy program. *Alexander v. Tippah County, MS*, 351 F.3d 626, 630 (5th Cir. 2003). It is not for this Court to decide whether the procedures "satisfy minimum acceptable standards of fairness and effectiveness." *Booth*, 532 U.S. at 740 n. 5. Seamster's opinion regarding how

ineffective the ARP process was is insufficient to overcome Supreme Court precedent mandating exhaustion of remedies available under the ARP.

The Fifth Circuit has confirmed that "the PLRA pre-filing exhaustion requirement is mandatory and non-discretionary," and that "district courts have no discretion to waive the PLRA's pre-filing exhaustion requirement." *Gonzalez v. Seal,* 702 F.3d 785, 787-88 (5th Cir. 2012) (per curiam). In this case, Seamster did not overcome Defendants' evidence with competent proof that he did fully exhaust his administrative remedies before filing this lawsuit, and the Court has no choice but to dismiss his Complaint.

IT IS, THEREFORE, ORDERED that Defendants' Motion for Summary Judgment Based on Plaintiff's Failure to Exhaust Administrative Remedies [21] is **granted**, and the Complaint is dismissed without prejudice. A separate Final Judgment shall be entered.

SO ORDERED this the 24th day of August 2015.

/s/Linda R. Anderson
UNITED STATES MAGISTRATE JUDGE